This case is 20-3256. It's Antonio Shannon v. Randall Hepp and it's Mr. Hennick. May I proceed, Your Honor? Of course. Thank you, Your Honor. Good afternoon and may I please support. My name is Robert Hennick and I represent Antonio Shannon on this appeal. Our position in this case can basically be summarized as follows. Self-imposed ignorance is not a reasonable trial strategy, nor is the intentional or unintentional concealment of information that is critical to the defendant's decision whether to testify. In this case, we have experienced both of those, although the lower courts and especially the state court appears to have totally overlooked both of them. First, with regard to the self-imposed ignorance, we know from Wiggins and Strickland that attorneys are required to conduct a reasonable investigation into a case. In this case, the trial attorney knew that his client, Antonio Shannon, was an eyewitness to the incident. He was a participant in the incident, that he was claiming self-defense. What he did not know is the specifics of what happened according to Mr. Shannon, why it happened most importantly, and what Mr. Shannon was thinking at the time. He didn't know that because trial counsel failed to take the simple step of asking his client what led up to this, what happened, and why. You know, Mr. Hennick, forgive me, but you argue that Mr. Antonio's attorney was deficient in failing to ask for the details as to what happened. But the state court, after hearing, found that his attorney was aware of the history between Taylor, Smith, and Shannon. So, I've been wondering what specific essential facts are you claiming that the attorney failed to discover? Well, he knew generally that Smith and Taylor had shot at Terry, his brother Terry, on at least one prior occasion. He did not know because he did not ask for the details. But he did know that on those occasions, Antonio tried to be a peacemaker, contacted Taylor, tried to talk through it in order to avoid any aggravation or any more harm to Terry. He tried to act as a peacemaker. The reason why that's important is because the state's verbal altercation at the IHOP the night that Smith died, that it so outraged Antonio that he went to the scene that he wouldn't have known about if Taylor hadn't told him, but went to the scene and immediately pulled out a gun and started shooting. Now, anybody who goes into trial can realize that if somebody has acted as a peacemaker twice before when somebody had tried to shoot at your brother, that doesn't make sense to suggest that they're going to all of a sudden start shooting after a verbal altercation. Also, we do not, or Hart did not know, the trial attorney did not know what Antonio was actually thinking. I'm sorry, Antonio was actually thinking at the time that he drove to the scene. He did not know why the two, Tony and Terry, left the state afterwards. He did not know that it was to avoid retribution by Smith's crew rather than to avoid being caught and found guilty. He did not know that, excuse me, sorry, my mouse is a little bit dry. He did not know that at the time of the actual gunfight that Antonio was not trying to kill anyone, that he was merely trying to stop them from killing him, which itself would be a defense because first-degree intentional homicide requires an intent to kill. Look, if Antonio testified, the prosecutor could have explored his criminal history and the evidence that he set the car on fire before fleeing the area. The criminal history might have included prior crimes of violence. Wouldn't allowing the prosecutor to explore in depth the actions in setting the car on fire and fleeing have harmed his self-defense claim? It looked like, you know, an effort to conceal a crime. There are two points there. Number one is that those facts were already out. The fact that it was that they had burned the car, the fact that they had left the state, those were already in evidence. What was not in evidence was Antonio's exculpatory explanation for them, number one. Number two, and what is probably even more important, is that the decision whether to testify is the defendant's to make after being fully advised and properly advised by his attorney. In this case, again, something that the state court ignored is it was Antonio's decision to make based on proper advice from counsel. It was not counsel's decision to make that choice. And the attorney deprived Antonio of that decision because he did not inform him that, number one, the friendly fire defense was defunct at that point. Number two, that even though it is hypothetically possible to win a self-defense claim without the defendant testifying, it is extremely difficult to do that. And as a matter of fact, as this court quite a while ago in Lee said, since it goes to the defendant's state of mind, it's virtually impossible to win such a case. Those facts were denied to Mr. Shannon before he made the decision not to testify. Mr. Hanek, you face a difficult burden, do you not, under 2254D with the overlay of what the Supreme Court has said in Harrington v. Richter? I mean, in other words, this has got to be completely beyond the pale of reasonable as such that I think in the language of Harrington, no fair-minded jurist could adopt the view that the Wisconsin Court of Appeals adopted here. And it seems to me that the state court findings, at least at the trial court level, that were effectively or largely adopted by the Wisconsin Court of Appeals make that very difficult for you. Well, first of all, I'm in my rebuttal time, but I have to answer this question. The conclusory decision by the circuit court that the trial attorney explained the pros and cons of testifying is simply irrational. When you look at what the lawyer actually admitted to talking about, he did not say anything about the fact that the friendly fire defense was defunct. He did not say anything about the fact that self-defense is extremely difficult to win without the defendant's testimony. And he made his decision or he made his advice without conducting a reasonable investigation, which is contrary to the U.S. Supreme Court's Strickland and Wiggins. The state court did not decide the failure to investigate claim, so that is not covered by AEDPA. And the decision on the pros and cons, the factual issue, was irrational. So that also is not covered by, well, it's covered by AEDPA, but it is excluded from the deference in AEDPA. And I see that my time is up, and I hope that answers your question. Yeah, thank you. Thank you, Mr. Hennock, and first off, I'll give you your rebuttal. Mr. DeSantis. May it please the court. This court should affirm the district court's well-reasoned decision and conclude that the state court's application of Strickland was not unreasonable. But even if this court disagrees with that conclusion, Mr. Shannon is still not entitled to relief because he's unable to prove prejudice. Now, I'd like to launch right into this insufficient investigation claim. Because the record in this case really shows that Attorney Hart did adequately investigate what Mr. Shannon's testimony would have been. He simply made a reasonable strategic decision that it would be best for Mr. Shannon not to testify. Attorney Hart testified at the post conviction hearing that he spoke generally with Antonio Shannon about what Mr. Shannon's testimony would have been if he'd testified. He also explained that he met with Mr. Shannon several times before and during trial, as well as with Terry Shannon's attorney, who he was working with on this case to strategize. He also explained that he did speak with Mr. Shannon about the prior shootings, about the times where Mr. Smith and Mr. Taylor allegedly tried to shoot Terry Shannon. And the circuit court found that Attorney Hart's testimony was credible. Now, relating to the specifics immediately before and during the shooting, Attorney Hart knew Antonio's position was that he was trying to make peace. He knew Antonio's position was that he shot in self-defense. He even knew that Antonio shot the high point gun, as opposed to the other theoretical guns in this case. We also have a number of admissions from Antonio during his own testimony on pages 125 through 126, I believe, in the post conviction hearing. He says that he told Attorney Hart that he acted in self-defense, that those in Smith's car fired first, that he did not intend to kill anybody, and that he was only trying to prevent them from shooting at him. And so based on all of this the Court of Appeals reasonably concluded that Attorney Hart did not fail to investigate what Antonio Shannon would have said. It simply made a reasonable decision that he did not want him to testify. Did the Wisconsin State decision directly address Antonio's attorney's practice of not questioning his client in detail to get a complete picture, but asking only what his client told law enforcement? If the court didn't directly address that argument, is no deference owed to its conclusions as to deficient performance? Your Honor, I think the fair reading of the Wisconsin Court of Appeals decision is that it did address the inadequate investigation claim. First of all, we presume that state courts resolve claims on the merits. The burden is on the petitioner to prove that it did not. In this case, the Wisconsin Court of Appeals directly listed Mr. Shannon's three related and effective assistance to counsel claims, including the insufficient investigation claim. It identified Strickland as the legal standard. It accepted the circuit court's factual findings and credibility determinations, which included that Attorney Hart spoke with about what Antonio's testimony would have been. And I use Antonio to avoid confusion because I've brought up Terry a number of times. The court also explained that Attorney Hart had met with Antonio Shannon several times before and during trial, and it actually discussed a little bit of what they talked about on paragraphs 10 through 11 in particular of that decision. It then explicitly concluded that Attorney Hart's performance was objectively reasonable. And so I think the fair reading of all this is that the circuit court considered but rejected the, or the Court of Appeals rather, considered but rejected the insufficient investigation claim. And based on all of this investigation, there were a number of reasons that strategically decided that he did not want Antonio to testify. The first reason was that Antonio Shannon's testimony would have eliminated the causation defense, which was certainly weakened but not completely defeated at the close of evidence. But this was far from the only reason he did not want Mr. Shannon to testify. He decided that Mr. Shannon's testimony about the alleged prior shootings would have hurt his defense, not helped him. He made a strategic decision that he did not want that evidence to come in because he decided the fact that these people had allegedly tried to shoot Terry before would have made Mr. Shannon's claim that he came in peace sound even more improbable. He also did not want the jury to learn that Mr. Shannon had three prior convictions. Granted, this is fewer than some of the state's witnesses had, but it's still a mark against his credibility. He also did not want the state to be able to emphasize that Mr. Shannon burned the car, fled the state, and hid out out of state after this shooting. Now, of course, this evidence already came in, as Mr. Hennig had pointed out, but counsel explained that he did not want the state to be able to emphasize these things, and he was concerned about Mr. Shannon's ability to adequately explain them. So for all these reasons, counsel made a legitimate strategic decision to advise, after being aware of all the facts, to advise Mr. Shannon not to testify. Now, if there are no further questions about deficient performance, I'd finally like to, I'd like to conclude by addressing prejudice. Even if this court disagrees with the deficient performance prong, Antonio has not proven that he was prejudiced because self-defense was a weak argument in this case, frankly. Everyone at the scene, including the two women that they'd met that night, described a relaxed and friendly atmosphere, which would not have been the case if Mr. Taylor and Mr. Smith had called Antonio there to shoot him and therefore known a shooting was imminent. Additionally, no jury would believe that Antonio would bring his brother in front of people who'd allegedly tried to shoot him before, not to some safe location, but out on the streets at 3.30 in the morning to make peace. And finally, we have the physical evidence in this case. Not only was Mr. Smith killed, but I believe all four people in Mr. Smith's car were shot. The Shannons, on the other hand, were apparently completely unharmed. And so there's really no debate that Mr. Shannon had the element of surprise on his side. This evidence is consistent with this being a drive-by shooting, and it's inconsistent with this being self-defense. And finally, the destruction of evidence after the case, and the fact that Antonio and his brother fled the state, is not consistent with being the victims of an ambush. It is consistent with being the perpetrators of a drive-by shooting. So for all these reasons, I'm asking this court to deny the petition. Thank you. Mr. Hennock. There we go. Sorry, I had problems with the button. A couple of things. It doesn't matter what Mr. Hart wanted in terms of testifying. The decision is the defendant's. And that was overlooked by the state court, and it's overlooked by the state here. And there is no dispute that Mr. Hart never told Mr. Shannon that the friendly fire defense was defunct, never told him that it's very difficult to win a self-defense claim without the defendant's testimony. So, and the concern about the ability to explain things, that's simply because Mr. Hart never asked. He didn't know what Mr. Shannon was going to say, because he didn't make a reasonable investigation. I'll rest on my brief for the rest of it. Thank you. Mr. Hennock, you were court appointed. Yes. Thank you for that. Thank you for the fine job you have done for your client and for the court. And thank you as well, Mr. DeSantis, of course. Thank you, Your Honor. The case will be taken under advisement.